## BELL v. RHODES.

The verdict being for the defendant in an action *ex delicto*, and the evidence conflicting without a decided preponderance in favor of the plaintiff, the verdict will not be disturbed upon the ground merely that it is against the evidence.

*Error to District Court of El Paso County.*

THE facts are sufficiently set forth in the opinion.

Messrs. DAVIDSON & HARRISON, for plaintiff in error. ·

Mr. J. W. DORR, and Mr. ORRIS BLAKE, for defendant in error.

BRAZEE, J. Trespass was brought by plaintiff before a justice of the peace to recover for damages alleged to have been done by defendant's cattle, in destroying a portion of the plaintiff's ungathered crops. There was a trial by jury in a court of justice of the peace, and a verdict was rendered there for the defendant, and judgment given against the plaintiff for costs.

. The plaintiff appealed to the district court, where a trial by jury was had, verdict not guilty ; thereupon a motion for new trial was made and overruled, after which judgment went against the plaintiff.

Three actions were commenced before the same justice of the peace, for like trespass ; one October 22d ; one October 28th, and one October 31st, 1873.  Judgments were recovered by the plaintiff, before the justice of the peace, in the first and third actions.  The case at bar is the second action.  At the trial in this case, the plaintiff testified that " the defendant's cattle were marked ' T. H.,' and were on the field the 24th, 25th, 26th and 27th days of October, 1873."  Russell testified, that " he saw defendant's cattle on plaintiff's field on the 22d day of October."  Kenyon testified, that " he saw the cattle marked ' T. H.' on plaintiff's

field, on the 23d of October, and he afterward saw them in defendant's possession." Crawley testified, that "he saw eighty-one or eighty-two head of cattle marked 'T. H.' and some marked 'G. R.' in plaintiff's field on the 24th of October, and he saw defendant's son drive them into defendant's corral on the evening of the same day."

On the part of the defendant, Marsh testified, that "after defendant was first sued, his cattle were herded." Bailey testified, "that after the lawsuit, the defendant's son was out of the house with orders to herd the defendant's cattle." Hulda Rhodes testified, "that the defendant's cattle were herded, after the plaintiff sued him; his son was in charge of them; he had orders to keep them off of Bell's field. The cattle were herded in the day time and corraled at night." Daniel Rhodes testified, that "he was defendant's son; was fourteen years old; that after his father was sued he herded his cattle, and they were not in Bell's field; after the suits were commenced, they were corraled at night." Corbin testified, that "he saw defendant's boy and the cattle near Bell's field on Tuesday before the trials." Jane testified, "she watched Bell's field, and did not think defendant's cattle were there after the commencement of the suit."

The foregoing is the substance of the evidence touching the fact of trespass, the time covered by the suit at bar. Evidence was also given tending to show the damage thereby occasioned. The plaintiff filed a motion for a new trial, "because the verdict of the jury was against the law and the evidence." This motion was overruled, and that was assigned for error.

The jury are the judges of the credit due the witnesses. The evidence was conflicting. We do not discover any such preponderance of proof in favor of the plaintiff as should invalidate the verdict. There was, therefore, no error in overruling the motion for new trial.

*Judgment affirmed.*